IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Jodi R. Minor | ) | Case No: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Diversified Recovery Bureau, LLC | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff JODI R MINOR ("Plaintiff") brings this action against Defendant Diversified Recovery Bureau, LLC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors.'" *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 388 (4th Cir. 2014) (quoting 15 U.S.C. § 1692(e)).

5. "To effectuate this purpose, the FDCPA regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct." Id. at 388-89.

6. A key provision of the FDCPA prohibits debt collectors from communicating, except in limited circumstances, with "with any person other than the consumer, his attorney, a

1

consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

7. Section 1692b of the FDCPA imposes strict limitations when communicating with a person other than the consumer; in such communications, a debt collector must state that he is confirming or correcting location information for the consumer and:

    a. Not disclose the identity of the debt collector's employer unless <u>expressly</u> requested
    b. Not state that the consumer owes a debt
    c. Not use any language that indicates that the caller is in the debt collection business

8. Additionally, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

9. Further, under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Illinois.
11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).
12. Plaintiff incurred a consumer debt (the "Debt") as that term in 15 U.S.C. § 1692a(5).
13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
14. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collecting debts from consumers.
15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or

attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

## FACTUAL ALLEGATIONS

16. In or around September 2021, Defendant telephoned Plaintiff's ex-husband and left the following voicemail:

    "…important message intended for [name of third-party] in regards to Jodi Minor. Please contact 833-282-1326."

17. Upon information and belief, Defendant left a similar voicemail for Plaintiff's son.

18. Upon information and belief, Defendant left a similar voicemail for Plaintiff's ex-sister-in-law.

19. Defendant left these voicemails with the third-parties identified above with the specific intent that the Third-Party would call Defendant at the number provided.

20. Upon calling the number provided in the voicemail, the Third-Party was greeted with an automated message stating: "Diversified Recovery Bureau," thus disclosing that the voicemail was from a debt collector.

21. Further, by disclosing the name "Diversified Recovery Bureau" to a Third-Party, Defendant used language that would indicate to a third-party that Defendant was in the debt collection business.

22. Together, the voicemails and telephone greeting effectively informed the third-party that Plaintiff owed a debt to Defendant.

23. At all times relevant, Defendant knew that its telephone greeting script included Defendant's name.

24. At no point between receiving Defendant's voicemail and calling the return number did any of the third-parties <u>expressly</u> request to know Defendant's identity.

25. By leaving a cryptic message with a third-party concerning Plaintiff and disclosing Defendant's identity through its automated greeting, Defendant violated the FDCPA. [1],[2]

26. The natural consequence of conveying Plaintiff's indebtedness to her family, friends and associates was to embarrass and shame the Plaintiff, i.e., to harass, oppress, or abuse Plaintiff.

27. Together, the voicemails and automated greetings constituted a deceptive means to obtain information about the Plaintiff.

28. Together, the voicemails and automated greetings constituted an improper attempt to collect a debt, and violated the plain language and purpose of the statute.

29. Since the voicemails qualified as communications under the FDCPA, Defendant was required to disclose that the voicemails were from a debt collector.[3]

30. By failing to disclose that the voicemails were from a debt collector, Defendant violated the FDCPA.[4]

## COUNT I

31. Plaintiff repeats and re-alleges each and every factual allegation above.

---

[1] "[S]oliciting a call back to a collection agency unidentified as such through a third party is simply not a means of collection that is permitted under the restrictive statutory scope of a collector's efforts. *Halberstam v. Global credit and Collection Corp*. No. 15-c-5696 (E.D.N.Y. Jan. 11, 2016).

[2] "It seems to strain the plain language and purpose of the statute to conclude that Panganiban's decision to leave that message was not a communication in connection with the collection of a debt. 'The apparent purpose of [the message] was to be vague enough to provoke the recipient to return the calls in haste.' *Leyse v. Corporate Collection Services, Inc.,* No. 03 Civ. 8491, 2006 WL 2708451, at *7 (S.D.N.Y. Sept. 18, 2006). The only way to avoid violating the statute at that point was for [the collector] to make a different decision by politely demurring, and perhaps trying again at some point in the future." *Halberstam v. Global credit and Collection Corp*. No. 15-c-5696 (E.D.N.Y. Jan. 11, 2016).

[3] *See* Footnote 2.

[4] A debt collector may not fail "to disclose in subsequent communications that the communications is from a debt collector." 15 U.S.C. 1692f(11)

4

32. Defendant violated 15 U.S.C. § 1692b(1) by identifying itself as "Diversified Recovery Bureau" in communications with third-parties absent the express request of the third party.

## COUNT II

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. Defendant violated 15 U.S.C. § 1692b(1) by failing to state that a communication with a third-party is to confirm or correct location information.

## COUNT III

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Defendant violated 15 U.S.C. § 1692b(2) conveying information that the Plaintiff owed a debt.

## COUNT IV

37. Plaintiff repeats and re-alleges each and every factual allegation above.

38. Defendant violated 15 U.S.C. § 1692b(5) by using language in a communication with third-parties that indicated it was in the debt collection business.

## COUNT V

39. Plaintiff repeats and re-alleges each and every factual allegation above.

40. Defendant violated 15 U.S.C. § 1692d through its conduct, the natural consequence of which was to harass, oppress, and abuse Plaintiff.

## COUNT VI

41. Plaintiff repeats and re-alleges each and every factual allegation above.

42. Defendant's actions were generally false and misleading, and violated 15 U.S.C. § 1692e.

## COUNT VII

43. Plaintiff repeats and re-alleges each and every factual allegation above.

44. Defendant's actions specifically violated 15 U.S.C. 1692e(10) by using its voicemails and automated greetings as a deceptive means to obtain information concerning a consumer.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: /s/ Richard J. Meier
Richard J. Meier, Esq.
17542 E 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-0990
richard@lpglaw.com
*Attorneys for Plaintiff*